Anthony Argiropoulos (#024861997)
William Gibson (#021872005)
**EPSTEIN BECKER & GREEN, P.C.**
150 College Road West, Suite 301
Princeton, New Jersey 08540
(609) 455-1540 (Phone)
(609) 228-5318 (Facsimile)

Attorneys for Plaintiff
Modern Orthopaedics of New Jersey

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MODERN ORTHOPAEDICS OF NEW JERSEY,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES, INC. d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY<br><br>Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |

Plaintiff Modern Orthopaedics of New Jersey LLC ("Modern Orthopaedics" or "Plaintiff") by and through its counsel Epstein Becker & Green, P.C., brings this action by way of this First Complaint against Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon" or "Defendant") hereby alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff is a physician practice that provided care to a patient enrolled in health plan that is administered by Horizon. Plaintiff is also the assignee of the patient's benefits under that plan.

2. Administrative Simplification rules of the federal Health Insurance Portability and Accountability Acto of 1996 ("HIPAA"), 42 U.S.C. § 1320d, 45 CFR Part 160, Part 162, and Part 164, require healthcare organizations ("covered entities")- healthcare providers, health plans, healthcare clearinghouses, and business associates of covered entities – to adopt standard transactions that allow for the efficient and accurate exchange of health care data across a platform known as the Electronic Digital Interchange ("EDI").

3. In its capacity as a covered entity and assignee of the patient, Modern Orthopaedics has requested that Horizon produce data related to its treatment of the patient.

4. Horizon refused and ignored the requests without justification or excuse.

5. Modern Orthopaedics brings this declaratory judgment action to settle its right as a covered entity and as an assignee of its' patient's rights, to the data and information that it has requested from Horizon.

**PARTIES**

6. Modern Orthopaedics is a New Jersey limited liability company that provides orthopedic surgery and related medical services to patients. It is located 2025 Hamburg Turnpike, Suite C, Wayne, New Jersey.

7. Defendant Horizon is a New Jersey health service corporation that sells insurance products to New Jersey consumers and administers plan services for self-funded health plans. Horizon is an independent licensee of the Blue Cross Blue Shield Association of America, and it is headquartered at 3 Penn Plaza East in Newark, New Jersey.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff seeks a declaration of its rights under federal law.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d) because Defendant conducts significant business in this judicial district.

**THE RELATIONSHIP BETWEEN MODERN ORTHPAEDICS AND HORIZON**

10. Modern Orthopaedics is a team of top orthopedic surgeons specializing in the treatment of upper extremity conditions of the hand, wrist, elbow and shoulder.

11. Modern Orthopaedics is "out-of-network" with Horizon. This means that Plaintiff is not party to a contract ("network agreement") with Horizon.

12. Network agreements are heavily negotiated contracts by which some providers agree, in exchange for predictability and a decreased administrative burden (among other things), to accept reduced medical rates for services provided to an insurer's subscribers. A provider that is party to a network agreement is referred to as being "in-network."

13. Modern Orthopaedics does **not** have a network agreement with Horizon. Modern Orthopaedics is therefore "out-of-network" with Horizon.

14. Horizon subscribers may and do nevertheless seek and obtain medical services from Modern Orthopaedics and other out-of-network providers due to the exceptional care they expect to receive.

15. In that case, the Horizon subscriber's health plan sets forth his or her out-of-network benefits including the subscriber and Horizon's respective financial obligations for the services provided to the subscriber by Modern Orthopaedics.

16. When treating such out-of-network patients, Modern Orthopaedics and the patient enter into an assignment of benefits agreement that, among other provisions, establishes

Modern Orthopaedics as a designated authorized representative of its patient.

17. As a designated authorized representative of its patient and a covered entity as defined by HIPAA, Modern Ortho has the right to acquire claim(s) data on behalf of patients in connection with healthcare services it provides.

18. As noted above, Horizon and the patient/subscriber's obligations to pay for such "out-of-network" services are determined by the individual patient/subscriber's "out-of-network" benefits that are set forth in the patient/subscriber's Horizon medical insurance plan.

19. Take for instance the NJ DIRECT plans, a self-funded plan for which Horizon is a third-party administrator ("TPA"). These plans specifically allow subscribers the right to choose an out-of-network provider for care.

20. Thus, Horizon subscribers reasonably and justifiably rely on Horizon's representations when seeking treatment from Modern Orthopaedics as well as other out-of-network providers.

21. Similarly, Modern Orthopaedics has a reasonable expectation that a patient with out-of-network benefits whom they treat will have their medical bill covered at their plan's out-of-network benefit level.

22. Patient "A" is a patient of Modern Orthopaedics and a subscriber of the Horizon NJ DIRECT health insurance plan.

23. Modern Orthopaedics has provided elective medical care to Patient A on an out-of-network basis.

24. However, Horizon has failed to adequately pay for the elective medical services rendered to Patient A and Horizon has also failed to provide to Modern Orthopaedics the claims data relating to the non-payment as required by HIPAA.

## LEGAL BACKGROUND

25. HIPAA, Pub. L. 104-191, was enacted by Congress in 1996 in response to several issues facing health care coverage, privacy, security, and fraud in the United States.

26. The HIPAA Administrative Simplification Regulations – detailed in 45 CFR Part 160, Part 162, and Part 164 – require healthcare organizations ("covered entities")- healthcare providers, health plans, healthcare clearinghouses, and business associates of covered entities – to adopt standard transactions that allow for the efficient and accurate exchange of health care data across a platform known as the Electronic Digital Interchange ("EDI").

27. The EDI allows for the use of nine different standard transactions, all of which use the X12 file format. The various

transactions transmit requests and information regarding coverage eligibility, the healthcare claim, claim status, enrollment and disenrollment, referrals, authorizations, premium payments, coordination of benefits, and payment and remittance advice.

28. Modern Othopaedics and Horizon are covered entities under HIPAA.

29. The EDI 837 Health Care Claim Transaction set ("837") is used by medical providers to submit a health care claim into the claims handling system for billing purposes.

30. The 837 file is created by a provider and it initially only includes basic claim information.

31. The 837 is then submitted by a provider to a financial clearinghouse.

32. The clearinghouse then transmits the 837 to an insurance carrier.

33. The insurance carrier makes final claim adjudication edits to the 837 file. For instance, these edits include adjustments for medical necessity, plan term fee schedules, contractual obligations (if they exist), coordination of benefits, repricing arrangements, and/or negotiated discounts.

34. Once the insurance carrier has completed edits in the 837, the 837 is considered fully adjudicated ("Fully-adjudicated

837"). These edits include the amount billed, the allowed amount, the patient cost-share calculation, and the amount the plan will pay to the provider.

35. The fully-adjudicated 837 is a record of the money owed by the health plan to the provider for the service(s) performed.

36. This exact amount should then be reflected by another X12 standard transaction called the electronic remittance advice 835 ("ERA835").

37. The ERA835 is an electronic file that accompanies a payment to a health care provider and identifies all the details of the transaction – essentially a highly detailed "receipt" for the transaction. Details on the ERA835 include elements like banking information, amount covered, cost share, and amount paid.

38. And while the HIPAA-mandated EDI is designed for administrative simplification and price transparency, Modern Orthopaedics has noticed several glaring irregularities represented by Horizon in Patient A's ERA835 and Explanation of Benefits ("EOB").

39. An easy way to clear up this confusion about payment rationale is to perform a routine "look-back" at the 837 that corresponds with the ERA835.

40. The EDI system is designed for routine and simple reconciliation of the ERA835 with the 837 via the Patient Control Number.

41. This reconciliation process is described in a Blue Cross Blue Shield publicly available document called the "BCBSNC Companion Guide to X12 5010 Transactions: - 835 Health Care Claim Payment/Advice v2.6," which states:

> "Submitters must match specific claims with specific remittance advice received on the 835 Transaction by the Patient Control Number (Patient Account Number) from the Claims Payment Information Loop, CLP01. This control number matches the 837 Health Care Claim Element CLM01."

42. When a health plan is self-funded, it is vital for a fiduciary third-party administrator like Horizon to maintain, on behalf of the self-funded plan, a record of the Fully-adjudicated 837 files to account for the debits it makes on behalf of the plan trust account.

## PATIENTS (AND THEIR DULY DESIGNATED ASSIGNEES) HAVE A RIGHT TO ACCESS THEIR DESIGNATED RECORD SET

43. Pursuant to 45 C.F.R. § 164.524, patients have the right to access, inspect, and obtain a copy of information about their treatment and billing in a "designated record set."

44. The designated record set is defined in 45 C.F.R. § 164.501 and includes any group of records that is:

> (i) The medical records and billing records about individuals maintained by or for a covered health care provider;

>      (ii) The enrollment, payment, claims adjudication, and case or medical management record systems maintained by or for a health plan; or
>
>      (iii) Used, in whole or in part, by or for the covered entity to make decisions about individuals.

45. The EDI data for a patient's health claim is part of their designated record set.

46. Modern Orthopaedics is entitled to receive the 835 and 837 transaction information as a covered entity and as the assignee and designated authorized representative of its patients, including but not limited to Patient A.

### HORIZON REFUSES TO PROVIDE THE DESIGNATED RECORD SET

47. On October 5th, 2020, Modern Orthopaedics saw Patient A for an office visit and a wrist Xray.

48. Prior to receiving any medical services from Modern Orthopaedics, Patient A executed an "Assignment of Benefits" which, among other things, granted Modern Orthopaedics the right to perform all actions necessary to secure payment and to collect payment from Horizon on Patient A's behalf. A true and correct (redacted) copy of Patient A's Assignment of Benefits to Modern Orthopaedics is attached as Exhibit A.

49. The Assignment of Benefits also designated Modern Orthopaedics as the authorized representative of Patient A, which allows Modern Orthopaedics to acquire medical records from other covered entities on Patient A's behalf.

50. The total bill for the services provided was $932.

51. On October 29, 2020, Horizon paid ($418), and claimed on its EOB that it had reduced payment was because "THE CHARGE EXCEEDS THE MAXIMUM ALLOWED BY THE MEMBER'S HEALTH BENEFIT PLAN." A true and correct (redacted) copy of the Horizon generated EOB for Patient A is attached as Exhibit B.

52. The corresponding electronic remittance advice 835, however, represented a contractual obligation as the reason for the adjustment of the amount. – Modern Orthopaedics has no contract with Horizon or the State Health Benefits Plan ("SHBP"). A true and correct (redacted) copy of the Horizon generated 835 is attached as Exhibit C.

53. On a January 13th, 2021 Modern Orthopaedics made a phone call to Horizon to inquire about this claim, and Horizon represented to Modern Orthopaedics that **K.L.'s claim had been processed improperly** and that the claim would be reprocessed. Horizon records its calls with providers.

54. Nevertheless, Horizon took no action to reprocess this claim, however.

55. On May 17th 2021, Modern Orthopaedics sent an "Appeal and Request for Records", which included a request for the fully-adjudicated 837. A true and correct (redacted) copy of the Appeal and Request for Records is attached as Exhibit D.

56. In response, Horizon incorrectly stated in a May 28th, 2021 letter: "Please be advised that after further investigation, we have determined that **the claim for the above date of service was priced by Zelis**." A true and correct (redacted) copy of the Appeal and Request for Records is attached as Exhibit E.

57. Zelis is a third-party company that Horizon uses to negotiate lower rates for services with providers. Zelis's website describes Zelis to be "a leading payments company in healthcare, is driving digital transformation for healthcare payers by integrating technology to streamline the value-based payment process and improve provider/member relationships."

58. Modern Orthopaedics never agreed to any negotiated amount for Patient A with Horizon, Zelis, or any other third-party repricing company.

59. Furthermore, Horizon's May 28th, 2021 letter ignored Modern Orthopaedics' request for the fully-adjudicated 837.

60. Modern Orthopaedics sent **second** request for the fully adjudicated 837 file (pertaining to Patient A) to Horizon on June 17, 2021.

61. Horizon ignored the second request for the fully adjudicated 837 file.

62. On July 16th, 2021, Modern Orthopaedics sent a **third** request to Horizon, asking them one last time to produce the fully-adjudicated 837. A true and correct (redacted) copy of the request is attached as Exhibit F.

63. Horizon responded to Modern Orthopaedics to this final request on August 5th, 2021, but once again ignored Modern Orthopaedic's request to produce the fully-adjudicated 837. A true and correct (redacted) copy of Horizon's August 5, 2021 letter is attached as Exhibit G.

64. In Horizon's August 5 letter, Horizon stated that: "**Horizon BCBSNJ tried to negotiate claim payment but our attempt was unsuccessful**. Our final offer of reimbursement was issued on check number 0086461709, on 10/29/20 amount of $418.24."

65. There was no negotiation. There was no "final offer of reimbursement."

66. Horizon went on to state in the August 5 letter that "According to the Out of Network Consumer Protection, Transparency, Cost Containment and Accountability Act, this is our final reimbursement offer and no additional payment will be issued."

67. The Out of Network Consumer Protection, Transparency, Cost Containment and Accountability Act does NOT apply to services rendered to Patient A because Patient A's service, was

an office visit with an x-ray, **not** emergency or inadvertent care.

68. Horizon is making up reasons for not paying Modern Orthopaedics billed charges for Patient A's care.

69. At the same time, Horizon is refusing to provide to Mordern Orthopaedics the adjudicated 837 for Patient A's care.

70. Patient A is the subscriber of a large self-funded health plan that is administered by Horizon.

71. Among the information set forth in the adjudicated 837 is the amount of money that the self-funded health plan contributed or otherwise paid for Patient A's care.

72. Upon information and belief, Horizon refuses to provide the adjudicated 837 because the information contained within it, and thereby the information Horizon has communicated to the self-funded plan, will not reconcile with ERA835.

## COUNT I

### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

73. Plaintiff repeats and realleges all of the allegations set forth in the preceding paragraphs as if set forth in full.

74. A ripe controversy exists between the parties to this lawsuit.

75. Specifically, there is a controversy between Horizon and Modern Orthopaedics as to whether Horizon is required under

HIPAA, 45 C.F.R. § 164.524, to provide Modern Orthopaedics with the complete designated record set, including the fully adjudicated 837, related to the October 5th, 2020 treatment of Patient A.

76. There is also a controversy between Horizon and Modern Orthopaedics as to whether Horizon is required to provide Modern Orthopaedics, as the assignee of Patient A, with the complete designated record set, including the fully adjudicated 837, related to the October 5th, 2020 treatment of Patient A.

77. Accordingly, Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 of its rights that Horizon is required to provide the complete designated record set, including but limited to the fully adjudicated 837, related to Modern Orthopaedics' October 5th, 2020 treatment of Patient A.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

a. A declaratory judgment that Horizon is required to provide the complete designated record set, including but limited to the fully adjudicated 837, related to Modern Orthopaedics' October 5th, 2020 treatment of Patient A;

b. A declaratory judgment that Horizon's failure and refusal to provide the complete designated record set, including

but limited to the fully adjudicated 837, related to Modern Orthopaedics' October 5th, 2020 treatment of Patient A is a violation of HIPAA;

    c. Attorneys' fees and cost of suit; and

    d. All other equitable relief as the Court may deem proper.

                                                  **EPSTEIN BECKER & GREEN, P.C.**
                                                  Attorneys for Plaintiff
                                                  Modern Orthopaedics of New Jersey

                                                  By: s/ Anthony Argiropoulos
                                                      ANTHONY ARGIROPOULOS
                                                        WILLIAM GIBSON
                                                       150 College Road West
                                                     Suite 301
                                                     Princeton, NJ 08540
                                                     (609) 455-1540

Dated:  November 23, 2021

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

                                      **EPSTEIN BECKER & GREEN, P.C.**
                                      Attorneys for Plaintiff
                                      Modern Orthopaedics of New Jersey

                                      By:s/Anthony Argiropoulos
                                          ANTHONY ARGIROPOULOS
                                          WILLIAM GIBSON
                                          150 College Road West
                                          Suite 301
                                          Princeton, NJ 08540
                                          (609) 455-1540

Dated: November 23, 2021

## **11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, I hereby certify that the matter in controversy is not the subject of any pending or contemplated court action or arbitration proceeding and know of no additional parties who should be joined in this action.

                                               **EPSTEIN BECKER & GREEN, P.C.**
                                               Attorneys for Plaintiff
                                             Modern Orthopaedics of New Jersey


                                             By: s/Anthony Argiropoulos
                                                 ANTHONY ARGIROPOULOS
                                                 WILLIAM GIBSON
                                                 150 College Road West
                                                 Suite 301
                                                 Princeton, NJ 08540
                                                 (609) 455-1540

Dated: November 23, 2021